Larry R. BRANHAM, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–2335.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1985.

Decided Nov. 4, 1985.

J. Gorman Rosenberger, Jr., Kizer, Phillips & Petty, Lynchburg, Va., for appellant.

E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va. (Joan A. Brown, Office of the Regional Atty., Dept. of Health and Human Services, on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and KNAPP, United States District Judge for the Southern District of West Virginia, sitting by designation.

WIDENER, Circuit Judge.

Branham appeals from an order of the district court that modified the decision of the Secretary of Health and Human Services (Secretary). The district court changed the onset date of disability found by the Secretary from January 15, 1983 to December 17, 1982. Branham contends that the onset date of his disability should be Octo-

ber 1979. For the reasons stated below, we modify the onset date to October 1979.

Branham is a thirty-six year old male who is married and has no children. He has a second grade education and is functionally illiterate. He is unskilled and has worked as a laborer and construction worker involving heavy manual labor. Branham is mildly mentally retarded, thin, and presents a generally poor physical appearance. His dental hygiene is poor, with many missing and rotten teeth. He is blind in his left eye, and has an extensive history of epilepsy since childhood. His grand mal seizures are under control, however, through medication.

Branham filed his claim for disability benefits following a work-related injury at Batt Masonry. He claims to have injured his back on October 24, 1979 when he jumped from a forklift and was unable to continue to work thereafter. He received Workmen's Compensation benefits for this injury. He claims great back, hip, and neck pain associated with this injury, which have a medical basis in fact, and he complains of chest pain, disorientation, and bronchitis. Branham has been diagnosed as having a generalized anxiety disorder. This impairment is manifested in panic attacks characteristic of agoraphobia. He is presently taking a variety of medications for all of his ailments.

Branham's claim for disability benefits was denied by the Secretary initially and on reconsideration. After a hearing before an Administrative Law Judge (ALJ), the ALJ found that his impairments were not disabling and did not prevent him from engaging in substantial gainful employment. The ALJ also found that, although he could not return to his past relevant work, he had the ability to engage in light work within the meaning of the Secretary's regulations. The ALJ, therefore, denied benefits, and the Appeals Council affirmed his decision.

Upon review in the district court, the plaintiff submitted additional evidence of his emotional problems and vocational abilities, including the results of a test reflecting an IQ of 63. Since the court found that

the plaintiff had good cause for failing to submit this evidence before the conclusion of the administrative proceedings and that it could have had an effect on the Secretary's decision, it remanded the case to the Secretary for further proceedings.

On remand, an ALJ heard the plaintiff's claim and granted him benefits under section 12.05(C) of Appendix 1 of 20 C.F.R. subpart P. The ALJ found that Branham's IQ fit within this section, but, referring to the first ALJ's finding, he held that the claimant's physical problems presented no significant work-related limitation of function since he had the ability to do light work. The second ALJ did find, however, that his psychotic disorder, agoraphobia, significantly limited his ability to work, and was a mental impairment within section 12.05(C). The ALJ consequently awarded benefits as of January 15, 1983, the date he proved his agoraphobia.

The claimant challenged the onset date of his disability in district court, arguing that his back injury qualified him for benefits under section 12.05(C), and requested benefits based on an onset date of disability of October 1979 when he suffered his back injury. The plaintiff argued that this injury constituted a physical impairment under section 12.05(C), as evidenced by each ALJ's findings that he could not do his past relevant work and could only do light work. The Appeals Council adopted the second ALJ's decision awarding benefits on the basis of his IQ and agoraphobia as of January 15, 1983.

On review, the district court modified the Secretary's decision, accepted the claimant's back injury and IQ as meeting the section 12.05(C) requirements, and changed the onset date from January 15, 1983 to December 17, 1982, the date of the earliest evidence in the case of the plaintiff's intellectual capacity (IQ). The date used by the district court was the date plaintiff first took an IQ test. The court noted that, although intellectual limitations are usually lifelong in duration, the plaintiff has the burden of establishing all elements of his claim for entitlement which he did not meet

until December of 1982 when he took his first IQ test. The court stated that it would be conjecture to assume the onset of this impairment any earlier.

In finding that the claimant satisfied the physical impairment requirement of section 12.05(C) on account of his back injury in October 1979, the court found as follows:

It is also beyond question that Mr. Branham has suffered from a significant physical impairment since the date of the work-related injury which led to his termination of employment in October of 1979. This fact is underlined by the first Administrative Law Judge's finding that plaintiff was disabled for his past relevant work. (Tr. 17). Obviously, if plaintiff cannot perform his past relevant work as a laborer, he experiences a significant work-related limitation of function.

A claimant is determined to be disabled and entitled to disability benefits when his impairment meets or equals a listed impairment in Appendix 1 of the Secretary's regulations. 20 C.F.R. § 404.1520(d). The listing of section 12.05(C) of Appendix 1 is as follows:

12.05 *Mental retardation.* As manifested by:

C. IQ of 60 to 69 inclusive (see 12.-00B4) and a physical or other mental impairment imposing additional and significant work-related limitation of function.

Keeping in mind that the issue in dispute is the onset date of impairment, we must determine the date upon which the claimant satisfied both the IQ and other impairment requirements. This, then, presents two questions:

(1) does a claimant's physical inability to perform his past relevant work establish the element of a "physical or other mental impairment imposing additional and significant work-related limitation of function" under section 12.05(C),

and

(2) is the onset date for mental retardation the date of the claimant's IQ test

or should the claimant be assumed to have had such a mental impairment during his working life once he has produced evidence of its existence?

The plaintiff contends that a back impairment that precludes his past relevant work but not light work constitutes "a physical or other mental impairment imposing additional and significant work-related limitation of function" under section 12.05(C). The Secretary argues that the back impairment was not of itself disabling and did not preclude the claimant from engaging in substantial gainful employment.

A "significant" impairment is not defined in the Secretary's regulations. *Accord Wright v. Schweiker,* 556 F.Supp. 468, 476 (M.D.Tenn.1983); *Jones v. Schweiker,* 551 F.Supp. 205, 208 (D.Md.1982). The plaintiff's position is that the fact that he was limited to light work and is precluded from his past work, the only work he has ever done or knows how to do, is a significant limitation.

■ The plaintiff correctly argues that the significant limitation under section 12.-05(C) need not be disabling in and of itself. If the plaintiff's physical impairment were required to be independently disabling, section 12.05(C) would be rendered meaningless. Therefore, something less than a preclusion from any substantial gainful employment must apply. *Accord Kennedy v. Heckler,* 739 F.2d 168, 172 (4th Cir.1984) ("[T]he inquiry is whether the claimant suffers from any additional physical or mental impairment significantly limiting work-related functions.")

■ We affirm the district court's finding that the claimant's back impairment is a significant work-related limitation of function. We find support in our recent decision in *Rainey v. Heckler,* 770 F.2d 408 (1985), in which we held that the fact that a claimant could not do his past relevant work alone established the other, significant work-related limitation of function required by the regulation. There is no dispute but that Branham's back injury precludes his former work. Therefore, provid-

ed he meets the IQ requirements of the regulation, the claimant's date of onset of disability should begin when his back injury precluded his former work, in October 1979.

The remaining question is whether or not the claimant met the mental retardation requirement of section 12.05(C) at the time he suffered his back injury.

The Secretary's regulations expressly define mental retardation as denoting "a lifelong condition." 20 C.F.R. subpart P, Appendix 1 § 12.00(B)(4). *Accord Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). And we think that there may be many reasons why an individual would not have had the opportunity or need to have a formal intelligence quotient test until later in life. The fact that one was not earlier taken does not preclude a finding of earlier retardation. We must and do assume, therefore, that in the absence of any evidence of a change in plaintiff's intellectual functioning from the time of his back injury to the time of his IQ test, that he had the same or approximately the same IQ (63) at the time of his back injury on October 24, 1979 as he did at the time of his 1982 test.

Accordingly, the onset date of the claimant's disability should be modified. The case is remanded to the district court for the entry of an order directing the Secretary to award the claimant disability benefits using as an onset date of disability, October 24, 1979, the date of injury to Branham's back.

AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED.