· Doris GUZMAN, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.

No. 85–2793.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 12, 1986.

Decided Sept. 12, 1986.

the twenty-employee minimum to public employers.

Thomas E. Bush, Milwaukee, Wis., for plaintiff-appellant.

Rosemary Rodriguez, Dept. of Health & Human Service, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, WOOD, and FLAUM, Circuit Judges.

PER CURIAM.

Doris Guzman appeals from the denial of social security disability benefits. The Social Security Regulations prescribe a sequential inquiry to be followed in determining whether a claimant is disabled. The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment severe? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any work within the economy? An affirmative answer leads either to the next step, or on steps (3) and (5) to a finding that the claimant is disabled. A negative answer, at any point other than step (3), stops the inquiry and leads to a determination that the claimant is not disabled. *Bunch v. Heckler,* 778 F.2d 396, 399 n. 5 (7th Cir.1985) (citing *Taylor v. Schweiker,* 739 F.2d 1240, 1241 n. 1 (7th Cir.1984)). The only issue in this appeal is whether the Secretary in adopting the findings of his Administrative Law Judge (ALJ) correctly concluded that prior to January 1, 1982, appellant Guzman did not meet the mental impairment criteria applicable at Step 3 of the disability analysis.

Appellant Doris Guzman filed concurrent applications for disability insurance benefits and supplemental security income on June 8, 1981. She alleged that since December 15, 1979, she had been unable to continue her previous work, primarily as a housekeeper, due to back injuries and sciatic nerve difficulties in her left leg. After examining a variety of evidence, the ALJ concluded that Guzman had the following impairments: (1) chronic pain syndrome; (2) chronic depressive disorder; and (3) mild mental retardation. Although the finding of mild mental retardation would normally mandate an award of disability benefits at Step 3, the ALJ declined to award benefits. The ALJ's finding of mental retardation was based on a report by Dr. Keith E. Bauer, a psychologist, who had examined Guzman on February 24, 1982. In examining Guzman, he conducted an IQ test that yielded a full scale IQ of only 69 and sub test scores that were uniformly low. Dr. Bauer opined in a report dated February 28, 1982, that Guzman suffered from mild mental retardation. The ALJ agreed with Dr. Bauer and also concluded that Guzman's mental illness "did not spring into existence on February 28, 1982." The ALJ found, however, that "for want of better evidence, the administrative law judge finds that the claimant became disabled as of January 1, 1982." Applying this finding, the ALJ declined to award Guzman benefits because her insured status had expired on March 31, 1981. The Appeals Council declined her request for review, and the Magistrate granted the Secretary's motion for summary judgment.

There is no question that during the insured period Guzman was unemployed and that her impairment was severe. Therefore, having met the first two steps of the disability analysis, the only issue in this appeal is whether the ALJ correctly concluded in his Step 3 analysis that Guzman was not mentally retarded during the insured period. If she did meet the criteria for one of the impairments applicable in step 3 (mild mental retardation), the inquiry ends there and she must be awarded benefits. Section 12.05(C) in the Listing of Impairments at the relevant time stated that an applicant was disabled based on mental retardation if an applicant had an "IQ of 60 to 69 inclusive (see 12.00B4) and a physical or other mental impairment imposing additional and significant work-related limitation of function." The Secretary has conceded on appeal that Guzman met the second criterion of section 12.05(C) because she had other significant impairments. Therefore, we only need to determine

whether Guzman met the necessary IQ criterion during the insured period.

In *Branham v. Heckler*, 775 F.2d 1271 (4th Cir.1985), the Fourth Circuit addressed the issue of whether an IQ test (which the Secretary has accepted as accurate) given subsequent to the insured period should be assumed to reflect the claimant's IQ during the insured period. In considering this issue, the Fourth Circuit carefully noted that the Secretary's own regulations expressly define mental retardation as denoting "a lifelong condition." *Id.* at 1274 (citing 20 C.F.R. subpart P, Appendix 1 § 12.-00(B)(4)). The *Branham* court stated that there may be many reasons that an individual had not taken an IQ test at an earlier point in his life and that this fact should not preclude a finding of earlier retardation. The Fourth Circuit concluded that in the absence of evidence leading to a contrary result "we must and do assume" that an IQ test taken after the insured period correctly reflects the person's IQ during the insured period. *Branham*, 775 F.2d at 1274. In the present case, the ALJ found mild mental retardation because of the low IQ score. We assume, as the Fourth Circuit did, that Guzman had her low IQ during the onset of her disability in 1979 rather than just when she was first tested for an IQ in 1982. Therefore, we remand this case to the district court for the entry of an order directing the Secretary to award the claimant disability benefits using December 15, 1979, as an onset date of disability. *See Branham*, 775 F.2d at 1274.

Guzman's counsel has informed this court that he intends on remand to seek attorney's fees pursuant to the Equal Access to Justice Act. *See* 28 U.S.C. § 2412. Because we think that a fee application of this type should be handled by the District Judge to whom this case was originally assigned, we remand this case to the Honorable Robert Warren. Of course, we express no view regarding the appropriateness of a fee award in this case. This is a matter best handled by the district court.

REVERSED AND REMANDED.