828 F.2d 1027
 19 Soc.Sec.Rep.Ser. 39, Unempl.Ins.Rep. CCH 17,554
Rosalea NEAL, Substitute Party for Dixie PUMPHREY, deceased,
Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-1696.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 6, 1987.
Decided Sept. 11, 1987.
 
 Deborah K. Garton (Hensley, Muth, Garton & Hayes, on brief), for plaintiff-appellant.
 Anita D. Eve, Office of the Gen. Counsel, Dept. of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst., Regional Counsel, Marc R. Schwartz, Asst. Regional Counsel, William A. Kolibash, U.S. Atty., Betsy C. Steinfeld, Asst. U.S. Atty., on brief), for defendant-appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and KISER, District Judge for the Western District of Virginia, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 Rosalea Neal, substitute party for the deceased claimant, Dixie Pumphrey, appeals from the decision of the Secretary to deny disability insurance benefits for the period of June 1978 to October 1983, the time of the claimant's death. We vacate and remand with instructions.
 
 
 2
 In June 1978, the claimant was diagnosed as suffering from a malignant melanoma on his right back, which was excised shortly thereafter. Subsequently, he experienced no further connected symptoms until he was diagnosed in December 1981 as having a metastatic malignant melanoma in his right axilla. However, the claimant's insured status expired on September 30, 1980. The Appeals Council, in its March 8, 1984 decision, found that the claimant's melanoma did not meet the listings as of the date that the claimant's insured status expired, and therefore denied disability benefits.[1]
 
 
 3
 Listing Sec. 13.05B, 20 C.F.R., Part 404, Subpart P, Appendix 1, provides that a finding of disability shall be made where the claimant is diagnosed as having a malignant melanoma "[w]ith metastases to adjacent skin ... or elsewhere." A claimant meeting the listings is considered disabled without any further findings of impairment. The Appeals Council bases its decision on the report of Doctor Kenneth Goldstein, a medical advisor for the Social Security Administration and a specialist in oncology. Dr. Goldstein reviewed the evidence and concluded that, although the claimant has a metastatic melanoma, as described in Listing 13.05, there was no hint of any metastases prior to November 1981. He stated in conclusory fashion that the claimant "meets Listing 13.05A since November 1981." Since the claimant's metastasis did not openly manifest itself until after the end of the insured period, the Appeals Council held that the Listing was not met.
 
 
 4
 We disagree with the reasoning of the Appeals Council. Assuming that our understanding of metastasis is correct, we hold that a claimant need not show that his metastasis openly manifested itself before the expiration of the benefits period in order to meet Listing 13.05B but need only show that his subsequent metastatic melanoma was derived from a malignancy that occurred during the insured period.
 
 
 5
 Metastasis is the process by which diseased conditions in one part of the body spread to other parts of the body. See Dorland's Illustrated Medical Dictionary, p. 805 (26th Ed.1981). When a metastasis openly manifests itself later, as here, it must mean that the initial surgery did not remove all of the cancerous cells and that the cancer had begun metastasizing prior to surgery, i.e., during the insured period in this case. In other words, when a person experiences a metastatic melanoma following surgery, he must have been in a metastatic condition during the time between his initial surgery and the appearance of the subsequent melanoma. It would not make sense to require the outward manifestations of metastasis to occur before the claimant's insured status expires, since the disabling condition has existed all along, only to openly manifest itself later.
 
 
 6
 This situation is analogous to the one addressed by this court in Branham v. Heckler, 775 F.2d 1271 (4th Cir.1985). In that case, we held that a discovery of mental retardation during a claimant's post-insured period did not preclude a finding of earlier retardation, since in the absence of an intervening incident it could be assumed that this condition had always been present. Here, the claimant is just as sick when metastases are openly manifested in the post-insured period as when they are during the insured period, since the cancerous cells are in his body all the while. Therefore, we hold that when a claimant experiences a metastatic melanoma in his post-insured period which is derived from a cancer which developed during the insured period, the claimant has satisfied Sec. 13.05B of the Listings.
 
 
 7
 The Appeals Council accepted the finding that the claimant's 1981 melanoma was a metastasis. Although the record evidence would suggest that the 1981 metastatic malignant melanoma was derived from the 1978 cancer, given that the claimant has no other history of cancer, we are not physicians and the source of the 1981 metastatic malignant melanoma should be the subject of medical testimony in the next hearing. If our understanding of metastasis is not correct, that should also be the subject of further medical testimony. Accordingly, we vacate the judgment of the district court and remand the case to the district court for further remand to the Secretary for further proceedings not inconsistent with this opinion. Upon remand, the parties may present such additional evidence as they may be so advised.
 
 
 8
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The claimant also asserted a wide variety of other impairments, including mental retardation, hypertension, arthritis and vascular disease. Because of our disposition of the case, we do not consider the effect of these other impairments
 Both the Appeals Council and Dr. Goldstein analyzed this claim under Sec. 13.05A of the listings. As shown, however, we analyze this claim under Sec. 13.05B and do not express any opinion concerning Sec. 13.05A.