940 F.2d 651
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James BENTLEY, PLAINTIFF-APPELLANT,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
DEFENDANT-APPELLEE.
 No. 90-3198.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 1, 1991.
Decided July 26, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Cynthia D. Kinser, Magistrate Judge. (CA-89-75-B)
 Joseph E. Wolfe, Wolfe & Farmer, Norton, Va., for appellant.
 E. Montgomery Tucker, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Bentley appeals from the magistrate judge's order upholding the Secretary's denial of Bentley's application for disability insurance benefits under the Social Security Act. Finding the Secretary's decision supported by substantial evidence, we affirm.
 
 
 2
 Because Bentley's insured status expired on June 30, 1982, the administrative law judge addressed whether he was totally disabled prior to that date. The evidence showed that in 1977 Bentley was diagnosed as having coal worker's pneumoconiosis with mild to moderate functional impairment subjectively but without objective evidence of significant respiratory impairment. He began receiving black lung benefits in 1977. In March 1980, Bentley was hospitalized for recurrent pain and palpitation. He was treated with medication and discharged with a final diagnosis of coronary artery disease with frequent angina and cardiac arrhythmia with recurrent cephalgia probably due to chronic sinus condition and chemical diabetes mellitus. Also in the record are the results of psychiatric evaluations performed in 1986 and 1988, including a form completed in 1986 showing that Bentley's condition met or equalled the listing for mental impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1, Secs. 12.04 and 12.07 (affective disorders and somatoform disorders).
 
 
 3
 The administrative law judge found that prior to June 30, 1982, Bentley had impairments including pneumoconiosis, chest pain, and osteoarthritis which were, in combination, severe because they limited his ability to lift and carry and be exposed to coal dust. He found that the evidence failed to show that Bentley's mental disorders were in existence or significantly limited Bentley's abilities at the time he was last insured. The administrative law judge concluded that Bentley could perform medium work, so long as that work was not around respiratory irritants; he was unable to return to his past coal mine work. A vocational expert testified that a person with Bentley's limitations could perform jobs existing in significant numbers in the economy. The administrative law judge concluded that Bentley was not disabled.
 
 
 4
 Bentley argues on appeal that the administrative law judge erred in finding that the mental impairments diagnosed in 1986 did not prove the existence of a disability in 1982. He relies on Branham v. Heckler, 775 F.2d 1271 (4th Cir.1985), in which this Court held that under the Secretary's regulations mental retardation was defined as a lifelong condition, and that absent evidence of a change in intellectual functioning, test results showing retardation would relate back to an earlier date. Bentley has offered, however, no basis for concluding that all mental impairments are constant and unchanging. Mental status examinations conducted on Bentley in 1983 and 1984 showed him to be socially well adjusted, without restriction of daily activities, constriction of interests, or any inability to relate to others. He was found alert and oriented, with good memory. On this evidence the administrative law judge did not err in finding that Bentley did not suffer from a limiting mental impairment in 1982.
 
 
 5
 There was substantial evidence supporting the Secretary's finding that Bentley was not totally disabled by virtue of his exertional and nonexertional impairments as of June 1982. Accordingly, we affirm the judgment of the district court upholding the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.