959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth W. GIBBS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2987.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 31, 1992.*
Decided April 6, 1992.
 
 Before Posner, and Easterbrook, Circuit Judges, and Pell, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Gibbs appeals from the denial by defendant Secretary of Health and Human Services (Secretary) of appellant's application for disability insurance benefits and supplemental security benefits as provided for by the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1382. The only issue on appeal is whether the Secretary's findings on disability are supported by substantial evidence on the record as a whole. See Walker v. Bowen, 834 F.2d 635, 639 (7th Cir.1987). We conclude that they are so supported, and affirm the denial of appellant's claim for the reasons stated in the attached district court order and magistrate's report.[1]
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 Kenneth W. Gibbs
 
 3
 vs.
 
 
 4
 Louis W. Sullivan, Secretary of Health and Human Services.
 
 
 5
 Cause No. IP85-1451-C.
 
 
 6
 Aug. 15, 1989.
 
 ADOPTION OF MAGISTRATE'S REPORT AND JUDGMENT
 
 7
 The Magistrate, having submitted his Report of Review and Recommendation, which reads as follows:
 
 
 8
 [H.I.]
 
 
 9
 and counsel having been afforded due opportunity pursuant to statute and the Rules of this Court to file objections thereto, the Court having considered the Magistrate's Report and any objections thereto, and being duly advised, the Magistrate's Report and Recommendation are hereby approved and adopted by the Court.
 
 
 10
 IT IS, THEREFORE, CONSIDERED AND ADJUDGED that the decision of the Secretary denying plaintiff's application for period of disability, disability insurance benefits and supplemental security income be affirmed. Costs against the plaintiff.
 
 
 11
 /s/SARAH EVANS BARKER, JUDGE
 
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 Copies to:
 
 12
 Sue Hendricks Bailey, Assistant U.S. Attorney, 5th Floor, U.S. Courthouse, 46 E. Ohio St., Indianapolis, IN 46204
 
 
 13
 Kenneth W. Gibbs, DOC 30344, Indiana Reformatory, P.O. Box 30, Pendleton, IN 46064
 
 
 14
 MAGISTRATE'S REPORT OF REVIEW AND RECOMMENDATION AND PROPOSED ENTRY
 
 
 15
 (Aug. 2, 1989)
 
 
 16
 This cause comes before the Court on the plaintiff's complaint seeking judicial review of a final decision of the Secretary of Health and Human Services, dated June 12, 1987, denying plaintiff's application for period of disability, disability insurance benefits and supplemental security income pursuant to 42 U.S.C. §§ 416(i), 423 and 1382. The defendant Secretary has filed his answer together with a certified copy of the administrative record. The cause is before the Court on the plaintiff's brief and the defendant's memorandum in support of the Secretary's decision.
 
 
 17
 This cause has been referred to the undersigned United States Magistrate by order of the Honorable Sarah Evans Barker, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Rule M-4 of the United States District Court for the Southern District of Indiana. The Magistrate, having considered the foregoing pleadings and reviewed the entire administrative record, now enters his recommendation that the decision of the Secretary be affirmed.
 
 
 18
 The plaintiff filed applications for period of disability, disability insurance benefits, and supplemental security income, pursuant to 42 U.S.C. §§ 416(i), 423, 1382, hereinafter referred to as the Act, on May 17, 1983 (R. at 147-150, 161-170). The plaintiff's applications were denied on August 17, 1983 (R. at 151-155, 171-175). In addition, on October 26, 1983, the plaintiff's claims were denied upon reconsideration (R. at 159-160, 178-180). Thereafter, the plaintiff requested and received a hearing before an Administrative Law Judge, hereinafter referred to as ALJ, on March 12, 1985 (R. at 58-109). On April 26, 1985, ALJ Castelli rendered his decision finding the plaintiff was not under a disability as that term is defined in the Act (R. at 39-45). The Appeals Council approved the decision on August 13, 1985 (R. at 31-33).
 
 
 19
 On October 21, 1985, the plaintiff filed his complaint seeking judicial review of the Secretary's determination. Subsequently, this Court granted the defendant's motion to remand for reconsideration under the Secretary's then new mental impairment regulations. On remand, a second hearing was held before an ALJ (R. at 110-146). On April 21, 1987, ALJ Vitello rendered his decision again finding that plaintiff was not under a disability (R. at 8-20). ALJ Vitello's decision became the final decision of the defendant Secretary of Health and Human Services when the Appeals Council adopted the decision on June 12, 1987 (R. at 3-6).
 
 
 20
 The plaintiff, Kenneth W. Gibbs, has been incarcerated for attempted murder in the Indiana State Reformatory at Pendleton, Indiana since March 13, 1984 (R. at 114-116). The plaintiff, however, filed his applications for benefits prior to his incarceration and claimed he has been disabled since July 23, 1982 (R. at 147). The plaintiff was born on March 26, 1957 and was twenty-nine (29) years old at the time of his hearing before ALJ Vitello (R. at 114, 147). He is 6'1"' tall, weighs 210 pounds, completed the 11th grade and was studying for his GED. (R. at 114, 133). Plaintiff's past relevant work includes assembly line worker, laborer, and machine operator (R. at 11, 190). In addition, the plaintiff briefly served in the United States Army from November, 1973 until March 1974 (R. at 190). ALJ Vitello found that plaintiff's past relevant work was unskilled labor (R. at 15).
 
 
 21
 To be eligible for benefits, the claimant must establish that he is under a disability within the meaning of the Act. "Disability" is defined in 42 U.S.C. § 423(d)(1)(A) as follows:
 
 
 22
 [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....
 
 
 23
 See also 42 U.S.C. § 1382c(a)(3)(A). Plaintiff has the burden to prove the existence of a condition or conditions which individually or in combination meet the statutory standards. 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H). Once it is established that plaintiff is not working and is no longer able to perform past relevant work the burden then shifts to the Secretary of Health and Human Services to prove that there is available some other substantial gainful employment which the claimant is able to perform. McNeil v. Califano, 614 F.2d 142 (7th Cir.1980). The statutes provide that the Secretary's findings and inferences reasonably drawn therefrom, if supported by substantial evidence, shall be conclusive. 42 U.S.C. §§ 405(g), 1383(c)(3); Schmoll v. Harris, 636 F.2d 146 (7th Cir.1980). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Bibbs v. Secretary of Health, Education and Welfare, 626 F.2d 526 (7th Cir.1980).
 
 
 24
 These statutory provisions, along with their concomitant regulations, have led to the establishment of a five-step test to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 414.920 (1987). The Court of Appeals for the Seventh Circuit has summarized this test as follows:
 
 
 25
 The following steps are addressed in order: (1) Is the claimant presently employed? (2) Is the claimant's impairment severe? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step, or, on steps (3) and (5) to a finding that the claimant is disabled. A negative answer, at any point other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.
 
 
 26
 Guzman v. Bowen, 801 F.2d 273, 274 (7th Cir.1986). In the case at bar, the ALJ made the following specific findings:
 
 
 27
 1. The claimant met the disability insured status requirements of the Act on July 23, 1982, the date the claimant stated he became unable to work, and continued to meet them through September 30, 1985.
 
 
 28
 2. The claimant has not engaged in substantial gainful activity since July 23, 1982.
 
 
 29
 3. The medical evidence establishes that the claimant has chronic back strain, status post gunshot wound to the left knee, status post gunshot wound to the right thigh and buttock, and a history of depressive neurosis, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
 
 
 30
 4. The claimant's allegations of constant disabling pain and depression are not credible and are not supported by the medical evidence or the claimant's testimony concerning his daily activities.
 
 
 31
 5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for prolonged standing, walking, and lifting of significant weight (20 CFR 404.1545 and 416.945).
 
 
 32
 6. The claimant is unable to perform his past relevant work as an assembly line worker, a laborer, and a machine operator.
 
 
 33
 7. The claimant has the residual functional capacity for the full range of sedentary work.
 
 
 34
 8. The claimant is 29 years old, which is defined as a younger person (20 C.F.R. 404.1563 and 416.963).
 
 
 35
 9. The claimant has a high school education (20 CFR 404.1564 and 416.964).
 
 
 36
 10. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.
 
 
 37
 11. Based on the exertional capacity for sedentary work, and the claimant's age, education, and work experience, Section 404.1569 of Regulations No. 4, Section 416.969 of Regulations No. 16, and Rules 201.27, 201.28, and 201.29, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 direct a conclusion of "not disabled."
 
 
 38
 12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).
 
 
 39
 Thus, ALJ Vitello applied the Medical-Vocational Guidelines or "Grid" at step five to determine that the plaintiff is not disabled.
 
 
 40
 As a result of the prior remand in this case, the plaintiff now is raising only one issue. The plaintiff asserts the Secretary failed "to prove that there is available some other kind of substantial gainful employment which plaintiff would be able to perform." (Plaintiff's Brief at 2). Essentially, the plaintiff is claiming there is no medical or vocational evidence in the record to establish that he can perform the full range of sedentary work.
 
 
 41
 It is well-established that the Secretary may rely upon the Grid to satisfy his burden of showing that a claimant can do some work available in the economy. See Heckler v. Campbell, 461 U.S. 458 (1983); Walker v. Bowen, 834 F.2d 635 (7th Cir.1987); Cummins v. Schweiker, 670 F.2d 81 (7th Cir.1982). The Secretary need not employ the services of a vocational expert if the Grid is applicable. Furthermore, the Secretary's decision to use the Grid constitutes a question of fact, which must be upheld if supported by substantial evidence. Walker, 834 F.2d at 641. The courts, however, have recognized two situations where the Secretary may not rely upon the Grid to satisfy his burden of proof.
 
 
 42
 First, the Secretary has classified jobs in the national economy as sedentary, light, medium, heavy, and very heavy based upon physical exertion requirements. See 20 C.F.R. §§ 404.1568, 416.967 (1987). As part of the process of applying the Grid, the Secretary must compare the claimant's "residual functional capacity" with these work classifications. Thus, the Grid is inapplicable if the evidence does not support a finding that the claimant is capable of performing the express physical exertional requirements called for in the pertinent work category. See Smith v. Schweiker, 735 F.2d 267, 271 (7th Cir.1984). Nevertheless, "[a] small incongruity between the grid's work description and the claimant's abilities does not preclude use of the grid." Walker, 834 F.2d at 642.
 
 
 43
 As noted, the ALJ found that the plaintiff had the residual functional capacity to perform the full range of sedentary work. (R. at 16, Finding No. 7). Under the regulations, sedentary work is defined as follows:
 
 
 44
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 45
 20 C.F.R. §§ 404.1568(a), 416.967(a) (1987). The record before this Court contains several medical assessments of the extent plaintiff's impairments limit his ability to perform basic work-related functions. For example, on October 12, 1983, Dr. Stanley Collis stated:
 
 
 46
 I think the patient does have some weakness and some swelling and discomfort in the left knee. Using the knee is not medically contraindicated. The patient can do activities and he can use the left knee although he might have some difficulty and some discomfort with a lot of climbing, walking on uneven ground or prolonged deep knee squatting. Doing these activities, however, is not medically contraindicated.
 
 
 47
 He might have some discomfort with his back too, but I do not think the symptoms are of any acute nature and there is no neurological deficit. There is no motor or sensory deficit and no abnormal reflexes.
 
 
 48
 Using the back is not medically contraindicated. Since he complained a lot with his back, he probably ought to substitute prolonged bending with squatting and try to lift from a squatting position most of the time.
 
 
 49
 (R. at 230). Similarly, plaintiff's medical records from the Indiana State Reformatory indicate no heavy lifting, prolonged standing, or climbing (R. at 277, 278, 281). In addition, a neurological examination dated December 5, 1983 states:
 
 
 50
 A. Gait, Coordination and Equilibrium: Were within normal limits and veteran was able to stand on each leg, tiptoes, and heels.
 
 B. Motor System:
 
 51
 1. Muscle Status: No atrophies, no trophic changes, good preservation of the segmentary muscular strength and all motor functions very well preserved.
 
 
 52
 2. Reflexes: Within normal limits.
 
 
 53
 3. Abnormal Involuntary Movement: Not found.
 
 
 54
 C. Sensory System: Superficial and deep sensibility very well preserved. [T]he Maneuvers of Laseque, Neri, and Minor were negative of lumbar radiculitis.
 
 
 55
 Neurological Diagnosis: No neuropathy found as related to lumbosacral spine.
 
 
 56
 (R. at 248). In short, the medical evidence is consistent with a finding that the plaintiff retains the residual functional capacity to perform a full range of sedentary labor. Furthermore, this Court observes that no physician has indicated plaintiff is limited to less than the full range of sedentary work. Under the circumstances, this Court that the Secretary's finding relating to plaintiff's residual functional capacity is supported by substantial evidence.
 
 
 57
 A second situation that precludes application of the Grid occurs when the claimant has a severe non-exertional impairment. Walker, 834 F.2d at 641-42. To preclude application of the Grid, however, the claimant's non-exertional limitations must restrict "the full range of employment opportunities at the level of work that he is physically capable of performing...." Warmoth v. Bowen, 798 F.2d 1109, 1110 (7th Cir.1986). In this case, the plaintiff alleges that he suffers from pain and depression, which are non-exertional impairments. Nevertheless, the ALJ specifically concluded that plaintiff's allegations of disabling pain and depression were not credible based upon the medical evidence and plaintiff's testimony. (R. at 16, Finding No. 4). An ALJ's credibility determinations are entitled to considerable weight. Whitney v. Schweiker, 695 F.2d 784 (7th Cir.1982). Therefore, "[u]nless the ALJ's assessment of the witness is patently wrong in view of the cold record before us, it must stand." Imani ex rel. Hayes v. Heckler, 797 F.2d 508, 512 (7th Cir.1986).
 
 
 58
 The record before this Court indicates that plaintiff was diagnosed on October 9, 1979 as suffering from depressive neurosis resulting from the death of a young sister and a separation from his wife (R. at 295-97). Nevertheless, a psychiatric evaluation on December 5, 1983 indicated that plaintiff was competent with no mental disorder (R. at 248). Moreover, there is no other evidence in the record indicating recurrent problems with depression. Consequently, this Court finds there is substantial evidence to support the ALJ's determination that plaintiff's depression is not severe enough to prevent him from performing basic work activities.
 
 
 59
 However, plaintiff's medical records from the Indiana State Reformatory indicate that he has been receiving treatment for knee and back pain (R. at 268-92). Moreover, the ALJ found that plaintiff has chronic back strain and an old gunshot wound to the left knee (R. at 16, Finding No. 3). Nevertheless, as noted previously the only limitations placed on the plaintiff are no heavy lifting, prolonged standing, and climbing. In addition, plaintiff is required to keep his own cell clean (R. at 102). Moreover, plaintiff attended general equivalency classes five days a week in the morning and the afternoon (R. at 102, 134). Finally, it appears that plaintiff was about to begin college-level courses at the prison (R. at 133). Under the circumstances, this Court cannot conclude that the ALJ's determination relating to the severity of plaintiff's pain is patently wrong. In summary, this Court finds that the Secretary's decision to apply the grid is supported by substantial evidence.
 
 
 60
 Accordingly, the Secretary's decision denying plaintiff's application for period of disability, disability insurance benefits, and supplemental security income should be affirmed.
 
 
 61
 /s/JOHN PAUL GODICH, MAGISTRATE
 
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 Copies to:
 
 62
 Sue Hendricks Bailey, Assistant U.S. Attorney, 5th Floor, U.S. Courthouse, 46 E. Ohio St., Indianapolis, IN 46204
 
 
 63
 Kenneth W. Gibbs, DOC 30344, Indiana Reformatory, P.O. Box 30, Pendleton, IN 46064
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The defendant argues that pursuant to our decision in Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir.1986), we should dismiss this case because the appellant failed to file any objections to the magistrate's report, and this omission operates as a waiver of appellate review. More recently in Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261 (7th Cir.1989), we held that the magistrate must explicitly inform a party that failure to object will result in a waiver of appellate review. There was no explicit notice in this case, so we decline to dismiss the appeal