Joseph **LUCKEY**, Plaintiff–Appellant,

v.

**U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,** Defendant–Appellee.

No. 88–3218.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1989.

Decided June 28, 1989.

---

John W. Bledsoe, III (Saleeby, Cox & Bledsoe, P.A. on brief), for plaintiff-appellant.

Julie Anne Sammons, Asst. Regional Counsel; Bruce R. Granger, Chief Counsel, Region IV; Mary Ann Sloan, Principal Regional Counsel, Social Security Litigation; Haila N. Kleinman, Supervisory Asst. Regional Counsel; David L. Stephens, Asst. Regional Counsel; John R. Bolton, Asst. Atty. Gen.; Vinton D. Lide, U.S. Atty. on brief), for defendant-appellee.

Before WIDENER and WILKINS, Circuit Judges, and TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

Joseph Luckey appeals from the district court affirmance of the Secretary's denial of his claims for disability benefits under Titles II and XVI of the Social Security Act, as amended, 42 U.S.C.A. §§ 401, *et seq.* (West 1983 & Supp.1989) and §§ 1381, *et seq.* (West 1983 & Supp.1989). We reverse and remand for an award of benefits.

I.

Luckey filed applications for social security disability insurance and supplemental security income benefits in September 1982 alleging disability since August 1982 due to arthritis, diabetes, ulcers, and a tumor on his spine. His claims were denied initially and on reconsideration. After a hearing the Secretary also denied the claims, finding that Luckey could perform his past relevant work. On judicial review the district court found that the Secretary had not given adequate consideration to the opinion of Luckey's treating physician, relying on *Vitek v. Finch,* 438 F.2d 1157, 1160 (4th Cir.1971), and had failed to consider his impairments in combination. On remand the Secretary denied Luckey's claims, again finding that he could perform his past relevant work. The district court affirmed the denial.

The scope of appellate review is limited to whether the factual findings of the Secretary are supported by substantial evidence. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Here, the finding of the Secretary that Luckey can perform his past relevant work is not supported by substantial evidence. To the contrary, the evidence clearly established that Luckey is disabled from a mental impairment under Listed Impairment § 12.05(C), 20 C.F.R. Part 404, Subpt. P, App. 1 (1988).

II.

Luckey was born on August 21, 1936. Although he completed five grades of school, he can barely read or write. From 1959 to 1982 he worked 60 to 80 hours per week in a country grocery store as a short-order cook and cashier. His responsibilities also included loading and unloading supplies, which required lifting up to 150 pounds. Over a five-month period during the spring and summer of 1982, Luckey sustained a weight loss from approximately 200 pounds to 150 pounds. He ceased working in August 1982 when he was hospitalized to determine the cause of his drastic weight loss.

Medical records from the August 1982 hospitalization demonstrate that the weight loss was related to gastric ulcers. Luckey was also diagnosed with diabetes, mild osteoarthritis of the back, and spina bifida of the lumbar spine. In November 1982 an orthopedic surgeon diagnosed sciatica and early arthritis of the right hip. In February 1983 Luckey's treating physician confirmed that he suffered from diabetes and debilitating arthritis. In contrast, an internist who examined Luckey in March 1983 found no evidence of arthritis or disc disease on previous x-rays and no cause for hip pain. However, the internist did confirm the ulcers and diabetes, and noted chronic anxiety and depression.

In April 1983 the treating physician stated that Luckey had been unable to work

since August 1982 due to acute arthritis, ulcers, and diabetes. He reiterated his opinion in September 1983 that Luckey was disabled, but he indicated hope that Luckey would be able to perform some light work in the future.

Luckey was examined by another internist in October 1985 who found that Luckey had ulcers, poorly-controlled diabetes, and low back pain of unknown origin. The internist reported that Luckey could not lift more than 25–30 pounds and could walk or stand for only two to three hours in an eight-hour period. A neurologist who examined Luckey in December 1985 diagnosed a minor vision problem, but found no objective evidence to verify his subjective complaints of pain. The neurologist opined that there was no significant neurologic motor disability and that Luckey could lift and carry up to 25 pounds and was not restricted in his ability to stand or walk. Another neurologist examined Luckey in July 1986 and indicated that he could lift and carry up to 30 pounds and could stand or walk continuously for only two out of eight hours.

Luckey was evaluated by a psychiatrist in January 1986 who found that he had a generalized anxiety disorder. Luckey was also evaluated by a psychologist in February 1986. Based on intelligence testing (WAIS) which indicated a full-scale IQ of 68, the psychologist reported that Luckey was functioning in the borderline to mildly retarded range. On remand, after consideration of all this medical evidence, the Secretary found that Luckey suffered from back pain, controlled diabetes, a vision problem, a history of ulcers, and borderline intelligence with mild anxiety. The Secretary further found that these impairments, in combination, were severe, but did not meet and were not medically equal to a listed impairment. Finally, the Secretary found that despite these impairments, Luckey retained the physical capacity to perform his past work and, thus, was not disabled.

### III.

The central issue on appeal is whether there was substantial evidence to support the Secretary's finding that Luckey did not meet the listed impairment for mental retardation which provides:

> Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental periods (before age 22).... The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ....
>
> C. A valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function....

20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05. The only IQ evidence of record established that Luckey had a full-scale IQ of 68. In dispute are the issues of whether Luckey's low IQ manifested itself in deficits in his adaptive behavior before age 22 and whether he has a physical or mental impairment imposing additional and significant work-related limitation of function.

### A.

This court has recognized that the Secretary's regulation "expressly define[s] mental retardation as denoting 'a lifelong condition.'" *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir.1985). However, the court noted that there are many possible reasons why an adult would not have obtained an IQ test early in life and the absence of an IQ test during the developmental years does not preclude a finding of mental retardation predating age 22. *Id.* The court held that in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant. *Id.*

■ The Secretary contends that Luckey's low IQ was not manifested during his developmental years as evidenced by the fact that Luckey worked for 23 years. However, there is no evidence that Luckey's IQ had changed, and the evidence that he could barely read or write was "a clear

'manifestation' of mental retardation occurring before age twenty-two." *Turner v. Bowen,* 856 F.2d 695, 699 (4th Cir.1988). Further, the Secretary may not rely upon previous work history to prove non-disability where the section 12.05(C) criteria are met: "When a claimant for benefits satisfies the disability listings, benefits are due notwithstanding any prior efforts of the claimant to work despite the handicap." *Murphy v. Bowen,* 810 F.2d 433, 438 (4th Cir.1987).

### B.

Having established that Luckey met the IQ prong of section 12.05(C), the question remains whether he met the additional significant limitation prong. As this court has held, the additional limitation "need not be disabling in and of itself." *Branham,* 775 F.2d at 1273. "[T]he inquiry is whether the claimant suffers from any additional physical or mental impairment significantly limiting work-related functions." *Kennedy v. Heckler,* 739 F.2d 168, 172 (4th Cir.1984). The Secretary asserts that since Luckey can perform his past relevant work, he does not suffer from any other significantly limiting impairment. However, the Secretary's finding that Luckey can perform his past relevant work is not supported by substantial evidence.

The Secretary categorized Luckey's job as a grocery store clerk/cashier and, based on vocational expert testimony, found that the work, as customarily performed in the economy, was normally light to medium.[1] The Secretary found that Luckey had the residual functional capacity to perform work-related activities that did not require lifting more than 30 pounds or prolonged walking and standing, and that his past relevant work did not require performance of functions above those levels. The Secretary failed to consider that Luckey's responsibility for loading and unloading supplies weighing up to 150 pounds does not generally fall under the heading of cashier/clerk. As the vocational expert recognized, the exertional demands of Luckey's past are properly categorized as heavy to very heavy.[2] The medical evidence clearly demonstrates that he could not meet the lifting requirements of his past work.

Luckey's inability to perform his prior relevant work alone established the significant work-related limitation of function requirement of section 12.05(C). *Branham,* 775 F.2d at 1273. Further, the Secretary has defined a severe impairment or combination of impairments as those which significantly limit an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a) (1988). The Secretary's finding that Luckey suffers from a severe combination of impairments also established the second prong of section 12.05(C).

REVERSED and REMANDED with instructions.

---

1. Light work requires lifting of no more than 20 pounds, and medium work requires lifting of no more than 50 pounds. 20 C.F.R. §§ 404.1567(b), (c) (1988).

2. Heavy work requires lifting of no more than 100 pounds, and very heavy work involves lifting in excess of 100 pounds. 20 C.F.R. §§ 404.1567(d), (e) (1988).