# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3054

_____

Robin Gasaway,            *
                                             *

           Appellant,          *

                                             *    Petition for Panel Rehearing.

           v.                  *

                                               *

Kenneth S. Apfel, Commissioner,     *
Social Security Administration,          *

                                               *

           Appellee.           *

_____

Submitted:  October 19, 1999

Filed:  November 16, 1999

_____

Before WOLLMAN, Chief Judge, and LOKEN and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A full description of the facts of this case appears in *Gasaway v. Apfel*, 187 F.3d 840 (8th Cir. 1999). Briefly, we vacated the opinion of the district court and remanded the case for development of the record, *id.* at 844-45, with respect to whether Ms. Gasaway currently possesses a "valid verbal, performance or full scale IQ of 60 through 70," *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05C; *see also* 20 C.F.R. § 404.1520(d), § 404.1520a(c)(2).

In its petition for panel rehearing, the Social Security Administration contends that on remand the record must also be developed with respect to whether Ms. Gasaway manifested "deficits in adaptive behavior," *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05, before she was 22 years old. We grant the petition for panel rehearing and agree that the record must be developed as the Social Security Administration requests.

The overall introduction to the sections on the discrete mental impairments states that "[s]pecific signs and symptoms under any of the [categories of discrete mental impairments] cannot be considered in isolation from the description of the mental disorder contained at the beginning of each ... category" of mental impairments. *See id.*, § 12.00A. The definition at the beginning of the category of "mental retardation" is "a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." *See id.*, § 12.05.

We therefore direct that, on remand, the record must be developed with respect both to whether Ms. Gasaway suffered deficits in adaptive behavior before age 22, *see id.*, and to whether Ms. Gasaway currently possesses some type of a valid IQ of 70 or less, *see id.*, § 12.05C.

LOKEN, Circuit Judge, concurring in part and dissenting in part.

I adhere to my prior dissent but agree that, if the case is to be remanded, the "deficits in adaptive behavior" issue should be open to further development on remand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.