# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3892ND

_____

| | | |
|---|---|---|
| Jeffrey D. Hlebechuk, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | North Dakota. |
| Larry G. Massanari, Acting | * | |
| Commissioner, Social Security | * | [Not To Be Published] |
| Administration,[1] | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 20, 2001
Filed: September 7, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
Judges.

_____

PER CURIAM.

_____

[1]On March 29, 2001, the President designated Larry G. Massanari as Acting
Commissioner of the Social Security Administration. Accordingly, he is substituted as
party appellee in place of Kenneth S. Apfel. See Fed. R. App. P. 43(c)(2).

Jeffrey D. Hlebechuk appeals the District Court's[2] order affirming the Commissioner's denial of disability insurance and Supplemental Security Income benefits under the Social Security Act. We affirm.

Mr. Hlebechuk was born in December 1957. He has a high school education and past work experience as a milling-company bagger, a maintenance worker, and a laborer. In 1992, he underwent surgery for upper extremity bilateral carpal tunnel repair and left ulnar nerve transposition. He previously applied for disability benefits, claiming a disability onset date of November 1992. This application was denied, and the present case involves a new application for benefits, claiming he was disabled on or after March 16, 1995, the day after the date of the Commissioner's previous decision.

Following a hearing held on January 20, 1998, an administrative law judge found that Mr. Hlebechuk's upper extremity impairments were severe, but that an umbilical hernia was not. The ALJ also found that past diagnoses of personality disorders did not establish any severe mental impairments. The ALJ discounted Mr. Hlebechuk's allegations of debilitating pain and determined that he retained the residual functional capacity (RFC) to perform light work that did not involve repetitive use of the left upper extremities for other than assistive purposes. In making this determination, the ALJ considered the opinions of two state agency physicians that Mr. Hlebechuk could perform light work. The ALJ found that although Mr. Hlebechuk could not perform his past relevant work, the testimony of a vocational expert established that there were significant jobs in the economy that he could perform, and thus that he was not disabled under the Act. This became the final decision of the Commissioner, and judicial review was sought.

---

[2]The Hon. Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendation of the Hon. Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

On appeal from the District Court's affirmance of the Commissioner's decision, Mr. Hlebechuk first argues that the ALJ erred in not including his psychological problems in the hypothetical question posed to the vocational expert. He relies on a report from October 1995 by a psychiatrist to whom he was referred for evaluation of possible depression. He was assessed as having anti-social, paranoid, and explosive personality traits. The report noted that Mr. Hlebechuk did not give a clear history of depression, but did give a history of repetitive confrontations with employers. Mr. Hlebechuk was not placed on any psychotropic medication, and follow-up was to be on an as-needed basis. Mr. Hlebechuk argues that because of his explosive temper it is inconceivable that an employer would hire him at the sample jobs suggested by the vocational expert — a security guard or parking lot attendant.

We conclude that the hypothetical was not flawed for failing to refer to Mr. Hlebechuk's alleged depression. "[A] vocational expert need only consider impairments supported by substantial evidence in the record and accepted by the ALJ as true." Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001); see also Goose v. Apfel, 238 F.3d 981, 985(8th Cir. 2001) (rejecting claim that ALJ erred in not including in hypothetical to vocational expert fact that claimant would routinely get frustrated and walk off the work site). Here there was sufficient evidence to support the ALJ's conclusion that Mr. Hlebechuk did not suffer from a severe mental impairment.

Mr. Hlebechuk next contends that the ALJ did not fully and fairly develop the record regarding his allegations that he can not work full time because of his disabling condition. This argument also fails, because there was enough evidence in the record to determine whether his alleged medical and mental impairments were disabling. See 20 C.F.R. § 404.1517.

The claimant next argues that the ALJ improperly discredited his complaints of disabling pain. We disagree. After citing the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ specified multiple inconsistencies in the record on which he relied to discredit Mr. Hlebechuk. The claimant testified that he took no

significant pain medication, and that he had been working 20 hours a week since August 1997 as a kitchen helper in a bar.[3] See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ's opinion is appropriate when ALJ explicitly discredits claimant and gives good reasons for doing so). The ALJ did consider some pain as a factor, as light work requires little physical exertion. See 20 C.F.R. § 404.1567(b).

Finally, Mr. Hlebechuk asserts that the ALJ did not accord the weight due to his treating hand surgeon's letter based on an examination on December 31, 1997. This letter states that Mr. Hlebechuk had full range of motion about his wrists and all his fingers, and that his grip was in the 90-120 pound range on the right, and the 15-20 pound range on the left. The letter expressed uncertainty as to the origin of Mr. Hlebechuk's complained-of pain and opined that it was "unlikely that [Mr. Hlebechuk] will be able to use his left hand for anything other than a light assist in the future." We do not believe that this opinion was inconsistent with the ALJ's findings.

In sum, our review of the record as a whole, see Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001) (standard of review), shows that the ALJ properly considered Mr. Hlebechuk's testimony as to his alleged work-related restrictions (to the extent it was not discredited), the observations of his treating physician, and the medical records, as required. See 20 C.F.R. §§ 404.1545(a), 404.1546 (responsibility for determining residual functional capacity rests with ALJ; determination should be based on all relevant evidence, including claimant's own description of limitations, observations of treating physicians and others, and medical records). The ALJ's determination is supported by substantial evidence on the record as a whole.

---

[3]This did not qualify as "substantial gainful activity," precluding a finding of disability under the Act, because Mr. Hlebechuk earned only $464.00 per month, whereas substantial gainful activity is defined as work earning at least $500.00 per month. See 20 C.F.R. § 404.1574(b)(2).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.