# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1012

_____

| | | |
|---|---|---|
| Alan W. Simmons, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Jo Anne B. Barnhart, | * | District of Missouri |
| Commissioner of | * | |
| Social Security, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 17, 2004
Filed: October 14, 2004

_____

Before MURPHY, MCMILLIAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alan W. Simmons appeals, seeking Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. The Administrative Law Judge initially decided Simmons was disabled under the Listing of Impairments in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The Social Security Administration's Division of Disability Quality Operations concluded that insufficient evidence supported the ALJ's decision. On its own motion, the Appeals Council remanded Simmons' case.

At the second hearing, the ALJ held Simmons did not have a "disability" as defined in the Act. The Appeals Council denied review. Thus, the ALJ's decision stands as the final decision of the Commissioner of the Social Security Administration. The district court[1] affirmed the Commissioner. Jurisdiction being proper under 28 U.S.C. § 1291, this Court now affirms.

This Court must affirm the ALJ's determination of disability if it is supported by substantial evidence on the record as a whole. Jones v. Barnhart, 335 F.3d 697, 698 (8th Cir. 2003) (citing 42 U.S.C. § 405(g)). Substantial evidence is evidence sufficient for a reasonable person to find adequate to support the ALJ's conclusions. Id.

Simmons argues that the ALJ erred in concluding he did not meet the requirements for mental retardation under § 12.05. To satisfy § 12.05, Simmons must show a "significantly subaverage" intelligence that initially manifested before age 22. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05, *implemented in* 20 C.F.R. 404.1520(d) (2004).

In primary and secondary school, Simmons took four IQ tests, scoring from 93 to 116. He did not receive special education or similar services, and was never classified as mentally retarded. Simmons attended regular classes until dropping out of school in the 10th grade.

At age 38, Simmons sustained a closed head injury during an assault. Five years later, he was diagnosed as blind in one eye and having a full-scale IQ of 67, which the ALJ found valid. Because Simmons has a full-scale IQ of 67 and a physical impairment, he contends this Court must assume that his mental retardation

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the District of Missouri.

manifested before age 22. He cites this Court's footnote in Sird v. Chater, 105 F.3d 401, 403 n.4 (8th Cir. 1997), referencing Luckey v. Department of Health & Human Services, 890 F.2d 666 (4th Cir. 1989). Luckey stated, "in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ [has] remained relatively constant." 890 F.2d at 668. The Fourth Circuit held that Luckey's full-scale IQ of 68 was a lifelong condition because there was no evidence of a decline in his intelligence. Id. Luckey did not take an IQ test before age 22 and could barely read or write. Id. Here, to the contrary, there is evidence of a change in Simmons' intellectual functioning. Before age 22, Simmons' IQ scores were average. Treating physicians reported Simmons' IQ likely deteriorated as a result of his head injury after age 22. Simmons himself testified his headaches and memory loss were attributable to the head injury.

"Mental retardation" in § 12.05 refers to "significantly subaverage" intelligence manifesting itself during the "developmental" period, i.e., before age 22. "The threshold requirement for § 12.05 is mental retardation that has manifested itself before age 22." Goose v. Apfel, 238 F.3d 981, 984 (8th Cir. 2001). Simmons is not disabled within § 12.05 because there is no evidence indicating the onset of "significantly subaverage" intelligence before age 22. Simmons objects to the reliability of the school IQ scores, but produces no evidence discrediting the scores. Although Simmons did have intermittent academic difficulty and dropped out of school in the 10th grade, these do not demonstrate or support the onset of an impairment before age 22.

Substantial evidence in the record supports the ALJ's decision. The judgment of the district court is affirmed.