**Rachel Lee JUSTICE, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

No. 7:05CV00523.

United States District Court, W.D. Virginia, Roanoke Division.

May 10, 2006.

Charles Cooper Geraty, III, Geraty & MacQueen, PLC, Charlottesville, VA, for Plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Defendant.

### ORDER

TURK, Senior District Judge.

The plaintiff filed this civil action to appeal the denial of her application for social security benefits. The Commissioner of Social Security ("Commissioner") has moved to remand the matter in order to conduct further inquiry into the plaintiff's claim. The plaintiff opposes remand because she alleges that her entitlement to benefits is clear and sufficient from the administrative record. The court referred the action to the magistrate for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate has filed his report and recommended that the case be remanded.[1] For the reasons given below, the court agrees with the magistrate's

---

1. Contrary to the plaintiff's accusation, the court finds no inconsistency with the magistrate's recommendation to remand in this case with his decision in *Powell v. Barnhart,* No. 6:04-CV-00063, 2005 WL 1926613, 2005

report and recommendation to grant the defendant's motion to remand.

■ A five-step sequential evaluation process is utilized to determine whether a person is disabled as defined by 20 C.F.R. § 404.1505 and, thus, entitled to social security benefits. *See* 20 C.F.R. § 404.1520. The Commissioner's request for remand stems from the assertion that the administrative law judge that reviewed the plaintiff's claim in the first instance, incorrectly analyzed the third step of the evaluation. Specifically, the Commissioner moves to remand because the presiding administrative law judge did not properly address whether the plaintiff manifested deficits in adaptive functioning during the developmental period as required for a finding of mental retardation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

The third step considers the medical severity of a claimant's impairment(s). *See* 20 C.F.R. § 404.1520. The impairment must meet or exceed one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P.App. 1. *See* 20 C.F.R. § 404.1520. The impairment that the plaintiff asserts is mental retardation as defined by 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Mental retardation as defined by section 12.05 "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." *See id.* Although the plaintiff argues that the administrative record is sufficient to permit a finding that she is disabled due to mental retardation, the court finds that the record is insufficient as to the plaintiff's manifestation of deficits in adaptive functioning during the developmental period.

A finding of mental retardation requires the claimant to provide evidence to support her burden of proving deficits in adaptive functioning manifested before age 22. *See, e.g., Mendez v. Barnhart,* 439 F.3d 360, 362 (7th Cir.2006). Thus, even if the record clearly establishes that the plaintiff meets the requirements of section 12.05(C), a finding of mental retardation cannot be warranted without a finding that the plaintiff manifested deficits in adaptive functioning before age 22. *See, e.g., id.* ("[T]he regulations do require the administrative law judge to determine that the claimant's mental 'deficits' were manifested before the age of 22 . . . .").

■ Contrary to the plaintiff's argument, the Fourth Circuit has not held that low IQ alone proves manifestation of deficits in adaptive functioning before age 22. The cases that the plaintiff cite only hold that a finding of mental retardation is not precluded when an IQ test is not performed before age 22, rather than holding that manifestation of deficits in adaptive functioning before age 22 is firmly established by low IQ.[2] *See Luckey v. U.S. Dep't*

---

U.S. Dist. LEXIS 16590 (W.D.Va. Aug. 9, 2005). In *Powell,* the court rejected the administrative law judge's decision after its review of a fully-developed record, including evidence supporting and rebutting the plaintiff's claim of deficits in adaptive functioning before the age of 22. Here, no administrative record was developed as to the issue of deficits in adaptive functioning and thus, the case must be remanded to allow the Commissioner to pass upon the issue in the first instance.

2. The plaintiff confuses the fact that "mental retardation" is the impairment and "manifes-

tation of deficits in adaptive functioning before age 22' " is an element of the impairment. The Fourth Circuit in *Luckey* and like cases, only held that a finding of mental retardation is not precluded when there is no IQ test performed before age 22 (*i.e.* proof for the "subaverage general intellectual functioning" element before age 22 is not precluded because no IQ score was performed during the developmental period). The "manifestation of deficits in adaptive functioning" is a separate and distinct element that must be proven.

*of Health and Human Servs.*, 890 F.2d 666, 668 (4th Cir.1989) ("[T]he absence of an IQ test during the developmental years does not preclude a finding of mental retardation predating age 22."). *Cf. Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir.2001) (holding that a claimant's IQ score creates a rebuttable presumption of a fairly constant IQ throughout the claimant's life). Low IQ can support a finding of manifestation of deficits in adaptive functioning before age 22 but it does not conclusively establish it. For example, the *Luckey* court, which the plaintiff cites, stated that the plaintiff manifested mental retardation before age 22 because of his IQ score and illiteracy. *See Luckey*, 890 F.2d at 668–69.

The plaintiff's current IQ score would presumptively have been her IQ before she was 22. *See Luckey*, 890 F.2d at 668 (stating that a person's IQ is considered to remain relatively constant throughout her life, absent evidence of a change in a person's intelligence functioning). Her IQ alone, however, does not establish that she manifested deficits in adaptive functioning before age 22 because the Commissioner could arguably rebut that assertion or her claim of mental impairment itself. *See generally* 67 Fed.Reg. at 20,022 (stating that the method of measuring deficits in adaptive functioning differs among the leading professional organizations and the Social Security Administration allows the use of any of the methods recognized and endorsed by the aforementioned organizations). *Cf. Hodges*, 276 F.3d at 1269 (stating that the Commissioner "may present evidence of [claimant's] daily life to rebut this presumption of mental impairment."). Thus, the court cannot make a finding of whether the plaintiff meets the definition of mental retardation under section 12.05 because the issue has not been fully developed. *Cf. Gasaway v. Apfel*, 195 F.3d 345, 345 (8th Cir.1999) (remanding the case to develop a record with respect to the whether the plaintiff suffered deficits in adaptive behavior before age 22).

■ Judicial review of the Commissioner's decision is strictly limited. A reviewing court may not decide *de novo* whether a claimant is entitled to benefits; rather, it can only assess whether the Commissioner has applied the appropriate legal standards and whether findings of fact are supported by substantial evidence. *See Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir.1983) ("It is not the function of the reviewing court to try the case *de novo* ...."). A proper administrative record has not been developed as to the issue of manifestation of deficits in adaptive functioning before age 22 because the administrative judge decided the case on a separate and distinct issue. A finding of gaps in the record or need for further development of the evidence is cause for remand. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980).

**IT IS ORDERED** that the magistrate's report and recommendation is **ADOPTED** and, therefore, the defendant's motion to remand will be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that the case is a "sentence four" remand because the ALJ did not apply the correct legal standard for mental retardation under section 12.05 because he did not sufficiently analyze the issue. On remand, the Commissioner will develop a sufficient record as to the plaintiff's claim of mental retardation under section 12.05.

The case is to be stricken from the active docket of the court. The Clerk is directed to send certified copies of this Order to all counsel of record.

## REPORT AND RECOMMENDATION

MICHAEL F. URBANSKI, United States Magistrate Judge.

This matter was referred to the undersigned for report and recommendation on December 2, 2005, pursuant to 28 U.S.C.

§ 636(b)(1)(B). The Commissioner of Social Security filed motion to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) on January 17, 2006. The court entered an Order granting the Commissioner's motion to remand on January 19, 2006. However, on January 20, 2006, the court vacated its previous Order and reinstated defendant's motion, giving the plaintiff an opportunity to object to the remand, and the parties an opportunity to brief the issue. After briefing, the court entered a Memorandum Opinion and Order on February 27, 2006. As it is appears such Memorandum Opinion was entered improvidently, the undersigned substitutes this Report and Recommendation in its stead.

Defendant seeks remand pursuant to § 405(g) after determining further evaluation of plaintiff's claim is warranted. Specifically, defendant states that upon remand, she will reevaluate whether plaintiff meets Listing 12.05C and obtain as necessary additional evidence to determine the severity of plaintiff's intellectual deficit. In addition, defendant will address all assessed limitations and determine whether those limitations affect plaintiff's residual functional capacity.

Plaintiff, however, opposes defendant's motion to remand. Plaintiff asserts that the evidence contained in the record is sufficient enough to establish that plaintiff meets Listing 12.05C. As such, plaintiff asks the court to reverse the Commissioner's decision and grant plaintiff's motion for summary judgment, awarding benefits to the plaintiff.

■ The court is charged with reviewing the Commissioner's decision to determine whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.

1990); *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir.1966). However, before a reviewing court can determine whether substantial evidence supports an administrative determination, the court must first ascertain whether the agency has discharged its duty to consider all relevant evidence. *Sterling Smokeless Coal Company v. Akers,* 131 F.3d 438, 439 (4th Cir.1997). In this case, the Commissioner seeks remand for the opportunity to consider additional relevant evidence in its determination of disability.

For these reasons, the undersigned recommends that defendant's motion for remand be **GRANTED**, and this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with defendant's motion. The Clerk is directed immediately to transmit the record in this case to the Hon. James C. Turk, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.