**Bonnie R. WATSON, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

No. 2:09–CV–45–BO.

United States District Court,
E.D. North Carolina,
Northern Division.

Aug. 1, 2010.

Barbara von Euler, Kathleen Shannon Glancy, PA, Wilmington, NC, for Plaintiff.

Mary Ellen Russell, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## INTRODUCTION

Plaintiff Bonnie R. Watson applied for Supplemental Security Income May 16, 2006, alleging an onset date of September 2, 2005. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Judge Richard E. Perlowski heard the case on May 25, 2007, and issued an unfavorable decision on July 27, 2007. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on June 5, 2009.

Plaintiff brought this action on August 10, 2009. The parties have each moved for judgment on the pleadings. A hearing on the Cross–Motions was held in Raleigh, North Carolina, on June 22, 2010. The Cross–Motions are now ripe for ruling.

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for an award of benefits because the ALJ's conclusion that Plaintiff does not meet or medically equal a listed impairment was not supported by substantial evidence. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experi-

ence, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The ALJ's finding that Plaintiff did not meet or medically equal Listing 12.05B was not supported by substantial evidence and Plaintiff carried her burden of proving that she meets the listing. Listing 12.05B requires deficits in adaptive behavior initially manifested before the age of 22 and a "valid verbal, performance or full scale IQ of 59 or less." Appendix 1 to 20 C.F.R. Part 404, Subpart P 12.00. On March 19, 2007, Edward English administered a the WAIS–III and found Plaintiff to have a verbal I.Q. of 58, a performance scale I.Q. of 55, and a full scale I.Q. of 52. Mr. English administered a Wide Range Achievement Test (WRAT–3) and found Plaintiff to read and perform arithmetic on a second grade level and to spell on a first grade level. Mr. English also administered the Vineland Adaptive Behavior Scales, which showed Plaintiff to be in the lowest percentile for communication, daily living skills, and socialization, with an adaptive behavior composite at less than the first percentile. Mr. English found that Plaintiff met the DSM–IV definition of mental retardation which requires onset before the age of 18.

The ALJ accepted the Plaintiffs' I.Q. scores but found that Plaintiff's deficits in adaptive functioning did not manifest before the age of 22. The ALJ cites Plaintiffs' regular school attendance until the age of 18, a 'C' average in high school, and one grade of 94 during Plaintiffs' first attempt at the 11th grade. But "[t]he

ALJ may not select and discuss only that evidence that favors his ultimate conclusion ..." *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir.1995). The totality of Plaintiff's school records indicate that deficits in adaptive functioning manifested before the age of 22. Plaintiff failed reading and elementary science in the eighth grade. She received some failing marks each year in high school. She failed all of her courses except art and home economics in the eleventh grade and was assigned to developmental reading the following year. During Plaintiff's second year in eleventh grade, her overall academic ability was measured at the second percentile in standardized testing. And when Plaintiff dropped out of the 11th grade at age 18 she was failing end of grade tests. Although she tested at slightly higher levels in earlier years, these scores were below grade level and consistent with her later I.Q. scores and reading difficulties.

The ALJ rejected Mr. English's opinion that Plaintiff met the DSM–IV criterion for mild mental retardation, which includes onset before the age of 18, on the grounds that Mr. English's assessment was based only on Plaintiff's statements and inconsistent with Plaintiff's school records. But, as explained above, this conclusion is consistent with Plaintiff's school records, and Mr. English's opinion was also based on several tests. The Commissioner also argues that the DSM–IV states someone with mild mental retardation would not acquire sixth-grade academic skills until the late teens and Petitioner tested at a sixth-grade level in the eighth grade. But the DSM–IV states "By their late teens, [persons with mild mental retardation] can acquire academic skills up to approximately the sixth-grade level." DSM–IV at 41. And Plaintiff was 15 years old when she received this test score during her second year in the eighth grade.

Moreover, absent any evidence of a change in Plaintiff's intellectual abilities, it must be assumed that her I.Q. has remained relatively constant. *Luckey v. U.S. Dept. of Health and Human Servs.,* 890 F.2d 666, 668 (4th Cir.1989); *Branham v. Heckler,* 775 F.2d 1271, 1274 (4th Cir.1985). The fact that Plaintiff attended school until the age of 18 and yet reads at a second grade level is also evidence of the early onset of Plaintiff's deficits in the absence of some intervening condition. And the suggestion by the Commissioner's counsel that Plaintiff's current I.Q. scores might be a result of later substance abuse does not appear in the ALJ's opinion. *See Patterson v. Bowen,* 839 F.2d 221, n. 1 (4th Cir.1988) ("We must, however, affirm the ALJ's decision only upon the reasons he gave"); *Combs v. Weinberger,* 501 F.2d 1361 (4th Cir.1974).

In sum, a preponderance of the evidence supports a finding that Plaintiff meets the requirements of Listing 12.05B, and the ALJ's finding to the contrary is not supported by substantial evidence.

### CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED; Defendant's Motion for Judgment on the Pleadings is DENIED; and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen,* 672 F.Supp. 230, 237 (E.D.N.C. 1987). Because Plaintiff meets Listing 12.05B, an award of benefits is appropriate. Accordingly, this case is REMANDED for an award of benefits.