# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1779

_____

Marcia Trinette Turner-Workman

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 7, 2015
Filed: December 21, 2015
[Unpublished]

_____

Before SMITH, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Marcia Trinette Turner-Workman appeals the district court's[1] judgment affirming the Commissioner's denial of supplemental security income after a hearing

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

before an administrative law judge (ALJ).  For reversal, Turner-Workman contends that the ALJ (1) erred in evaluating her treating physicians' opinions; (2) did not properly evaluate her subjective allegations; and (3) erred in relying on a vocational expert's response to a hypothetical that failed to provide for all of her impairments.

Following careful review of the parties' submissions and the record before us, we conclude that substantial evidence in the record as a whole supports the ALJ's determination.  See Perks v. Astrue, 687 F.3d 1086, 1091, 1093 (8th Cir. 2012) (standard of review).  First, we conclude that the ALJ did not err in discounting the opinions of Drs. Tamara Wright and Lloyd Miller, because--inter alia--the opinions were inconsistent with other substantial evidence of record, including the physicians' own treatment notes; the opinions were based on subjective reports or information supplied by others; and the opinions lacked explanation for their findings.  See Wagner v. Astrue, 499 F.3d 842, 848-49 (8th Cir. 2007); Hacker v. Barnhart, 459 F.3d 934, 937-38 (8th Cir. 2006).  Second, in making her credibility determination on Turner-Workman's subjective allegations, the ALJ considered requisite factors and provided multiple valid reasons to support the credibility determination.  See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Finally, in making the residual-functional-capacity finding, the ALJ properly considered and weighed available medical and other relevant record evidence: the ALJ's finding was based on independent review of the medical records, Turner-Workman's daily activities and functioning, her pattern of noncompliance with medication and treatment recommendations, and her inconsistent reporting.  See Goose v. Apfel, 238 F.3d 981, 984-85 (8th Cir. 2001).

The judgment of the district court is affirmed.  See 8th Cir. R. 47B.

_____